ZAINEY, J.
AUGUST 10, 2005

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ROBERT G. HARVEY, SR. | CIVIL ACTION |
| VERSUS | NO: 05-2400 |
| BRENT D. BURLEY | SECTION: "A" (2) |

### ORDER

Before the Court is a **Motion to Remand (Rec. Doc. 4)** filed by plaintiff Robert G. Harvey, Sr.  Defendant, Brent D. Burley, opposes the motion.  The motion, set for hearing on July 27, 2005, is before the Court on the briefs without oral argument.

**I.   Background**

Robert G. Harvey, Sr. ("Harvey") has sued Brent D. Burley ("Burley") alleging that Burley made defamatory statements against Harvey in conjunction with a nullity action pending in the Civil District Court for the Parish of Orleans.  Harvey and Burley are practicing attorneys.  Harvey had previously represented Shannon Schweitzer and her parents, after Schweitzer sustained personal

injuries when she fell from the window of a moving street car in New Orleans.  After that case concluded via a combination of settlement and a judgment in favor of the plaintiffs, the parties began to dispute the scope of certain portions of the settlement agreement.  Burley asserts that the parents of Shannon Schweitzer retained him to review the case and the actions of Harvey and his co-counsel W. Patrick Klotz.  Burley then instituted a nullity action to set aside the settlement agreement.[1]

According to Harvey's petition, on November 3, 2004, Burley filed an allegedly defamatory exception in the nullity suit in which Burley accused Harvey of influence peddling.  (Pet. ¶ 3). For the most part, the remainder of the allegations contained in Harvey's petition involve a hearing that took place on February 18, 2005, at which Harvey claims that Burley accused him of *inter alia* unlawfully taking money from his clients, having *ex parte* communications with a Louisiana Supreme Court justice, and revealing confidential communications to the Times Picayune. (Pet. ¶¶ 6, 9, 10).  Harvey is seeking damages from Burley because of the allegedly "slanderous and defamatory *per se*" statements.

Burley removed Harvey's defamation suit to this Court pursuant

---

[1] It is unclear whether Burley filed the nullity action or replaced Harvey and Klotz after they filed the action.  This factual uncertainty has no bearing on the issues before the Court.

to 28 U.S.C. § 1452 arguing that this matter is a core proceeding in Shannon Schweitzer's pending Chapter 11 proceeding, EDLA No. 05-14143.[2] On reviewing the notice of removal this Court *sua sponte* questioned the propriety of removal and ordered Burley to submit a supplemental brief explaining how a judgment against him personally could possibly affect the estate of the debtor, Shannon Schweitzer. Harvey subsequently filed a motion to remand.

## II.  Discussion

28 U.S.C. § 1452, entitled Removal of Claims Related to Bankruptcy Cases, provides in relevant part:

> A party may remove any claim or cause of action in a civil action . . . to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under *section 1334* of this title.

28 U.S.C.A. § 1452(a) (West 1994) (emphasis added).  Section 1334, entitled Bankruptcy Cases and Proceedings, provides that the district courts shall have original and exclusive jurisdiction over all cases "under title 11," and original non-exclusive jurisdiction of "all civil proceedings arising under title 11, or arising in or

---

[2] Burley likewise removed a Petition to Institute Discovery that Harvey had filed in state court.  Burley claims that this petition was tantamount to a civil racketeering suit against Burley.  Judge Lemelle was not persuaded and subsequently remanded that suit to state court.  <u>Harvey v. Burley</u>, CA No. 05-628, Section B.

related to cases under title 11." 28 U.S.C.A. § 1334(a), (b) (West 1993 & Supp. 2005). The right to remove under § 1442 is not absolute because the court is granted wide discretion to remand the removed action "on any equitable ground," and such a remand order is not reviewable on appeal or otherwise. § 1452(b). Further, abstention is mandatory where cases are merely "related to" bankruptcies and the claim is based on state law and could not have been commenced in federal court absent § 1334. § 1334(c)(2). In removed cases remand is required in lieu of abstention. See Southmark Corp. v. Coopers & Lybrand, 163 F.3d 925, 929 (5th Cir. 1999).

Harvey's defamation claim against Burley does not arise under title 11 nor did it arise in Schweitzer's bankruptcy. The question is whether the claim is "related to" the Schweitzer bankruptcy. A claim is related to a bankruptcy if the outcome of the proceeding could conceivably have any effect on the estate being administered in bankruptcy. Regal Row Fina, Inc. v. Wash. Mutual Bank, No. 3:04-CV-1033, 2004 WL 2826817, at *3 (N.D. Tex. Dec. 9, 2004) (quoting In re Wood, 825 F.2d 90, 93 (5th Cir. 1987)).

Burley points out that Harvey's fee petition for his representation of Shannon Schweitzer and her family is currently pending in the bankruptcy court. Burley goes on to point out that the truth or falsity of Burley's statements about Harvey's

4

representation of the Schweitzers will bear directly on the amount of fees to which Harvey is entitled.  Further, if the statements about Harvey are true then that will serve as a defense to the defamation claim against Burley.  Based on the foregoing the Court cannot say that the defamation claim against Burley is not related to the Schweitzer bankruptcy.

Accordingly;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 4)** filed by plaintiff Robert G. Harvey, Sr. should be and is hereby **DENIED**. This matter is **TRANSFERRED** to the Bankruptcy Court for the Eastern District of Louisana.

* * * * * * * *

*[signature: Jay C. Zainey]*